IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 25, 2012

**RANDALL TURNER v. BRUCE WESTBROOKS, WARDEN**

**Appeal from the Circuit Court for Bledsoe County**
**No. 2011-CR-52     J. Curtis Smith, Judge**

**No. E2012-00093-CCA-R3-HC - Filed October 24, 2012**

Petitioner, Randall Turner, filed a petition for habeas corpus relief seeking relief from several convictions in the Hamilton County Criminal Court. The habeas corpus court dismissed the petition without an evidentiary hearing.  We affirm the judgment of the habeas corpus court pursuant to Rule 20 of the Rules of the Court of Criminal Appeals of Tennessee.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROGER A. PAGE, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and ROBERT W. WEDEMEYER, JJ., joined.

Randall Turner, Pikeville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; James Michael Taylor, District Attorney General; and James W. Pope, III, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Petitioner seeks relief from convictions resulting from his guilty pleas to five counts of first degree murder, one count of aggravated kidnapping, and two counts of aggravated robbery, for which he received the agreed-upon sentences of life imprisonment without the possibility of parole and thirty years.  As grounds for habeas corpus relief, he claims the following errors: (1) the indictment for aggravated robbery failed to state a proper charge; (2) the indictment for felony murder was defective because it alleged felony murder and second degree murder in the same count; (3) the indictment for felony murder was defective

because it failed to protect against double jeopardy; (4) three indictments were defective because they included a non-existent middle name for petitioner; (5) several indictments were defective because of anomalies with the time stamp; and (6) an unrelated 1990 judgment for armed robbery is void. The State requests this court to decide the case by memorandum opinion pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.

"The grounds upon which habeas corpus relief will be granted are narrow." *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004) (citing *Dixon v. Holland*, 70 S.W.3d 33, 36 (Tenn. 2002)). Habeas corpus relief is available to a petitioner only in the limited circumstances when the judgment is void on its face or the petitioner's sentence has expired. *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). "A void judgment is one in which the judgment is facially invalid because the court did not have the statutory authority to render such judgment." *Id.* (quoting *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998)). Conversely, a voidable conviction or sentence appears facially valid and requires the introduction of proof beyond the face of the record or judgment to determine its deficiency. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999) (citing *Dykes*, 978 S.W.2d at 529). The proper method for attacking a voidable judgment is by a petition for post-conviction relief, not habeas corpus. *Id.* (citing *State v. McClintock*, 732 S.W.2d 268, 272 (Tenn. 1987)). The court's decision with respect to a petition for a writ of habeas corpus is a question of law that we review de novo without a presumption of correctness. *Hart*, 21 S.W.3d at 903.

In habeas corpus proceedings, a petitioner must establish a void judgment or illegal confinement by a preponderance of the evidence. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). A habeas corpus court may summarily dismiss a habeas corpus petition, without the appointment of counsel and without an evidentiary hearing, if the face of the record or judgment fails to indicate that the convictions or sentences are void. Tenn. Code Ann. § 29-21-109 (2000); *Hogan v. Mills*, 168 S.W.3d 753, 755 (Tenn. 2005).

In this appeal, petitioner challenges the validity of several counts of the indictments. A valid indictment is an "essential jurisdictional element" to any prosecution. Clearly, a defective indictment may deprive a trial court of jurisdiction. *Hart*, 21 S.W.3d at 903 (citing *Dykes*, 978 S.W.2d at 529). While challenges to the sufficiency of an indictment are not properly cognizable in habeas corpus proceedings, an indictment may be challenged through a petition for habeas corpus when the indictment is so defective as to deprive the trial court of jurisdiction to enter a judgment. *Haggard v. State*, 475 S.W.2d 186, 187-88 (Tenn. Crim. App. 1971); *Dykes*, 978 S.W.2d at 529. We have reviewed the indictments against petitioner and conclude that each count sufficiently identified petitioner, informed him of the accusation against him, protected him against double jeopardy, and provided an adequate basis upon which the trial court could properly enter a judgment. *See State v. Hill*, 954 S.W.2d 725, 727 (Tenn. 1997). In addition, questions regarding the time stamps on the

indictments can only be answered by looking outside of the record, rendering the judgment merely voidable, not void. *Hart*, 21 S.W.3d at 903. None of petitioner's claims of error rise to the level of rendering any of the indictments "so defective as to deprive the trial court of jurisdiction." *Haggard*, 475 S.W.2d at 187-88.

Finally, petitioner's claim pertaining to his 1990 conviction for armed robbery has fully expired. "A person is not 'restrained of liberty' for purposes of the habeas corpus statute unless the challenged judgment itself imposes a restraint upon petitioner's freedom of action or movement." *Hickman v. State*, 153 S.W.3d 16, 23 (Tenn. 2004). Because petitioner's liberty is restrained as a result of the 2001 judgments of conviction and not the 1990 conviction for armed robbery, this claim cannot be redressed via writ of habeas corpus.

When an opinion would have no precedential value, this court may affirm the judgment of the trial court by memorandum opinion when the judgment is rendered without a jury, such judgment is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, the judgment of the habeas corpus court is affirmed in accordance with Rule 20 of the Rules of the Court of Criminal Appeals.

_____
ROGER A. PAGE, JUDGE